☙JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jacob R. Glickman

**DEFENDANTS**

The Commonwealth of Pennsylvania, Pennsylvania State Police, Officer Murphy, Officer Guido, Officer Lucia

**(b)** County of Residence of First Listed Plaintiff   Monmouth County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
         LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Steven S. Glickman, Esq., Ruderman & Glickman, P.C., 675 Morris Ave, Suite 100, Springfield, NJ 07081, 973-467-5111

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil Rights Act, 42 U.S.C. § 1983, et. seq.
Brief description of cause:
violation of Plaintiff's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of US

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
08/25/2011

SIGNATURE OF ATTORNEY OF RECORD
St S. Glick

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check box (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                      Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 25 Scott Drive, Morganville, NJ 07751

Address of Defendant: PA State Police Dept., 1800 Elmerton Ave., Harrisburg, PA 17110

Place of Accident, Incident or Transaction: State Road 322, Walker Township, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Steven S. Glickman , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 8/25/11       _S. S. Glick_       22189
                    Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is **not related** to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/25/11       _S. S. Glick_       22189
                    Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 25 Scott Drive, Morganville, NJ 07751

Address of Defendant: PA State Police Dept., 1800 Elmerton Ave., Harrisburg, PA 17110

Place of Accident, Incident or Transaction: State Road 322, Walker Township, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Steven S. Glickman, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 8-25-11  _SS. Glick_  22189

Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8-25-11  _SS. Glick_  22189

Attorney-at-Law  Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jacob R. Glickman

            v.

Commonwealth of PA;
PA State Police; Officer Murphy,
et. al.

         :
         :      CIVIL ACTION
         :
         :
         :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 8/25/11 | St S. Glick | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 973-467-5111 | 973-467-8891 | sglickman@rglaborlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**OFFICE OF THE CLERK OF COURT**

**Rule 5.1.2 of the Local Rules of Civil Procedure**
**Electronic Case Filing**

**Validation of Signature Form**

Pursuant to Rule 5.1.2, Electronic Case Filing, all attorneys who have been excused from registering as an ECF Filing User, as defined in the ECF Procedures set forth in Rule 5.1.2, are required to complete this *Validation of Signature* form validating his or her signature for submission of filings on disk in portable document format (PDF), so that the filings may be entered into the District Court's ECF system. The document on disk must be accompanied by a courtesy copy of the document in paper format for use by the court. Attorneys who complete this form will receive a signature code which must be used by the attorney on the signature line of all courtesy copies submitted with a disk. The document as submitted on the disk will constitute the original document under Section 3 of Local Civil Rule 5.1.2.

**(Please Print or Type)**

First Name: _Steven_    Middle Initial/Name: _S._

Last Name: _Glickman_    Generation (i.e., Sr., Jr.) _____

Firm: _Ruderman & Glickman, P.C._ Bar Id No. and State: _22189 PA_

Address: _675 Morris Ave., Suite 100_

Address: _____

City: _Springfield_    State: _NJ_    Zip Code _07039_

Telephone No: _(973) 467-5111_    FAX No: _(973) 467-8891_

E-mail Address: _sglickman@rglaborlaw.com_

Are you admitted to practice in the Eastern District of Pennsylvania?
☑ Yes    ☐ No
If yes, are you a member in good standing?
☑ Yes    ☐ No

Are you admitted to practice pro hac vice in the Eastern District of Pennsylvania?
☐ Yes    ☐ No

4/07

Are you registered as an ECF Filing User in the Eastern District of Pennsylvania?

☐ Yes                    ☑ No

If no, would you like to also register as an ECF Filing User in the Eastern District of Pennsylvania?

☑ Yes                    ☐ No

***By submitting this registration form, the undersigned agrees/consents to the following:***

1.    I have read and understood the provisions of Rule 5.1.2 of the Local Rules of Civil Procedure, *Electronic Case Filing*, and the court's *ECF Procedures* set forth in Rule 5.1.2, and I agree to abide by all provisions set forth therein.

2.    I agree that this form constitutes my signature for filings which must be submitted on disk in portable document format (PDF), as required by Section 3 of Rule 5.1.2, *Electronic Case Filing*.  I understand that I will be provided with a signature code which I must use on the signature line of all courtesy copies submitted with a disk   I have read and understood the provisions of Rule 11 of the Federal Rules of Civil Procedure, and I agree that my signature code used on the signature line of all courtesy copies submitted with a disk will serve as my signature for purposes of Rule 11.  I further understand that the document as submitted on the disk will constitute the original document under Section 3 of Local Civil Rule 5.1.2.

3.    I understand and agree that service of process will be made in accordance with those provisions set forth in Rule 5 of the Federal Rules of Civil Procedure.

*I hereby certify that the above information is true and correct and I am a member in good standing of the United States District Court for the Eastern District of Pennsylvania.*

_____          _____
Signature                                      Date

Please return completed form by U.S. Mail to:  Michael E. Kunz
                                                U.S. District Court
                                                2609 U.S. Courthouse
                                                601 Market Street
                                                Philadelphia, PA 19106-1797

STEVEN S. GLICKMAN, ESQ.
(ATTORNEY ID #:22189)
RUDERMAN & GLICKMAN, P.C.
675 Morris Avenue; Suite 100
Springfield, NJ  07081
(973) 467-5111
Fax: (973) 467-8891
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB R. GLICKMAN, | |
| Plaintiff, | CASE NO. |
| vs. | |
| THE COMMONWEALTH OF PENNSYLVANIA;<br>PENNSYLVANIA STATE POLICE;<br>OFFICER MURPHY, in his official<br>and individual capacities;<br>OFFICER GUIDO, in his official<br>and individual capacities;<br>OFFICER LUCIA, in his official<br>and individual capacities;<br>JOHN AND JANE DOES (1-10); and<br>XYZ CORPORATIONS (1-10), | COMPLAINT, JURY DEMAND &<br>DESIGNATION OF TRIAL COUNSEL |
| Defendants. | |

Plaintiff, Jacob R. Glickman, an adult individual residing at 25 Scott Drive, Morganville, New Jersey, by way of this Complaint says:

## JURISDICTION AND VENUE

1.   This is an action for damages and other relief, arising from unlawful practices by Defendants.  Plaintiff brings claims

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

under federal law, including, the Federal Civil Rights Act, 42 U.S.C. § 1983, et seq., for violation of his Constitutional rights, and other violations arising under federal law, state law and common law.

2.   This Court has jurisdiction pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343, and 28 U.S.C. 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## PARTIES

1.   Plaintiff Jacob R. Glickman ("Plaintiff") is an adult individual residing at 25 Scott Drive, Morganville, New Jersey.

2.   Defendant, Officer Murphy, was at all times relevant hereto a Police Officer with the Pennsylvania State Police, and he is being sued individually and in his official capacity, having acted under the color of state law.

3.   Defendant, Officer Guido, was at all times relevant hereto a Police Officer with the Pennsylvania State Police, and he is being sued individually and in his official capacity, having acted under the color of state law.

4.   Defendant, Officer Lucia, was at all times relevant hereto a Police Officer with the Pennsylvania State Police, and he is being sued individually and in his official capacity, having acted under the color of state law.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

5.    Defendant, Pennsylvania State Police, is a government entity duly organized and existing under and by virtue of the laws, regulations and/or ordinances of the Commonwealth of Pennsylvania.

6.    Defendant, Commonwealth of Pennsylvania is a U.S. State.   It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It owns, operates, manages, directs and controls Defendant Pennsylvania State Police, who together employ Defendants, Officer Murphy, Officer Guido, and Officer Lucia.

7.    At all material times hereto, all defendants were acting under color of law.

### STATEMENT OF FACTS COMMON TO ALL COUNTS

8.    On April 28, 2011, Plaintiff's girlfriend, Julie Kerner, was scheduled to graduate from Michigan University and partake in the ceremony held by the University. At that time, Julie Kerner's brother, Steven Kerner, was a student at Penn State University, located in the Commonwealth of Pennsylvania.

9.    Plaintiff agreed to pick up Steven Kerner from his Pennsylvania residence on or near Penn State University's campus, and then travel to Michigan University to witness his girlfriend's graduation ceremony.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

3

10.  On April 28, 2011, Plaintiff was driving through Pennsylvania in an automobile, en route to pick up Steven Kerner from his Pennsylvania residence so that the two could travel to Michigan University to witness Julie Kerner's graduation ceremony.

11.  On his way to pick up Steven Kerner, at approximately 11:30 a.m. on April 28, 2011, the automobile Plaintiff was operating was pulled over by Officer Murphy on State Road 322 in Walker Township, Pennsylvania.

12.  At that time, Officer Murphy informed Plaintiff that his reasoning for pulling over the vehicle was because Plaintiff was speeding. Officer Murphy asked for Plaintiff's license and registration, and inquired into Plaintiff's intended destination.

13.  Plaintiff provided his license and registration to Officer Murphy and informed the Officer that he was traveling to Penn State University to pick up his girlfriend's brother so that the two gentlemen could travel together to Michigan University to witness his girlfriend's graduation ceremony.

14.  Officer Murphy went to his police vehicle and, when he returned to the driver's side of Plaintiff's vehicle, he stated he had reason to believe that Plaintiff was a criminal from New Jersey.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

4

15.  Plaintiff is not a "criminal" from New Jersey, and Officer Murphy never informed Plaintiff as to the basis for his statements to the contrary. Officer Murphy had no basis for believing that Plaintiff was a criminal from New Jersey when he initiated the stop or when he made such statements to Plaintiff.

16.  While this exchange between Officer Murphy and Plaintiff was taking place, another police vehicle arrived driven by defendant Officer Guido.

17.  During the motor vehicle stop, Officer Murphy ordered Plaintiff out of the vehicle and then proceeded to search Plaintiff's persons and effects. Plaintiff did not provide consent to this *search* and there were no circumstances presented to either Officer on scene that would justify a warrantless *search* of Plaintiff's persons and effects. Plaintiff was pulled over for speeding and had undertaken no action that would warrant a belief that Plaintiff was in possession of a weapon or any type of contraband, or that Plaintiff posed a safety risk to the Officers on scene.

18.  Officer Murphy's unlawful search of Plaintiff's persons revealed nothing; Plaintiff was not found to be in possession of any weapon, illicit substance, paraphernalia, or other form of contraband that would warrant any further interaction with Plaintiff.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

19. Notwithstanding the fact that Plaintiff had been pulled over for speeding and Officer Murphy's search of Plaintiff revealed no contraband, the Officers did not let Plaintiff get back into the automobile. Instead, Officer Guido asked for Plaintiff's permission to search the vehicle Plaintiff was operating. Plaintiff did not provide consent to this search.

20. After Plaintiff refused to consent to a search of the vehicle, Officer Guido advised Plaintiff that a drug dog would be sent to the location within the next thirty minutes.

21. At this time, instead of issuing a traffic summons to Plaintiff for speeding, Officer Guido and Officer Murphy instructed Plaintiff that he could not return to his vehicle and had to wait outside of the vehicle, while they waited for the drug dogs to arrive at the scene.

22. Notwithstanding Officer Guido's statements to the contrary, the drug dog did not arrive at the scene of the traffic stop within 30 minutes of Plaintiff's refusal to consent to the search of the vehicle.  Instead Plaintiff was forced to wait outside of his vehicle for three and one half (3½) hours for the drug dog to arrive, which was finally transported to the scene of the traffic stop by Defendant Officer Lucia.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

23.  At no point during this three and one half (3 ½) hour traffic stop was Plaintiff free to leave.  Plaintiff was forced to stand outside of his vehicle for the entirety of this three and one-half (3½) hours while waiting for the drug dog to arrive at the scene.

24.  Once the drug dog finally arrived, Officer Lucia walked the dog around Plaintiff's vehicle multiple times before the dog allegedly "alerted" the Officers to a smell inside the vehicle.

25.  Subsequently, Officer Guido advised Plaintiff that the vehicle would be towed at Plaintiff's expense and that they were going to obtain a search warrant to search the vehicle.

26.  At this time, Plaintiff provided his consent for the officers to search the vehicle.

27.  Officer Guido then searched Plaintiff's vehicle, and importantly, this search revealed that Plaintiff was not in possession of any illegal contraband; no weapon, illicit substance, paraphernalia, or other form of contraband was discovered in the automobile or on Plaintiff's person at any point relevant hereto.

28.  After Officer Guido concluded his search of Plaintiff's vehicle -- more than three and a half hours after he was pulled over for speeding -- Plaintiff was finally allowed to leave.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

29. As a direct and proximate result of the above, Defendants caused Plaintiff to suffer significant indignities and other damages and deprived Plaintiff of his rights and privileges under the United States Constitution.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF 42 U.S.C. 1983

30. Plaintiff repeated and hereby incorporates the above paragraphs as if fully set forth at length herein.

31. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. 1983.

32. The aforementioned conduct of the said defendants was done in violation of, reckless disregard of, and in deprivation of the liberties and rights afforded the Plaintiff under the Constitution of the United States of America, including, but not limited to, those rights guaranteed by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the said Amendments being incorporated by reference herein, and all such conduct being otherwise in violation of law.

33. Defendants actions stated above, *inter alia*, were committed under the color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights by depriving Plaintiff of his liberty

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

without due process of law, by conducting an illegal search of plaintiff, and by holding him at the location for an unreasonable period of time without probable cause to believe that seizable items were in Plaintiff's possession or in the automobile he was operating, and without reasonable suspicion that there was a fair probability that Plaintiff was engaged in any illegal conduct aside from speeding.

34.   The actions taken by the individual Defendants, Officer Murphy, Officer Guido and Officer Lucia, were taken pursuant to an official policy or practice of Defendants Commonwealth of Pennsylvania and/or Pennsylvania State Police.

35.   As a result, Plaintiff suffered damages and emotional harm, inter alia, in violation of his rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, and Title 42 U.S.C. §§ 1983.

36.   WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

       a. Injunctive Relief, including but not limited to monitoring and education;

       b. Compensatory damages, including:

       i. Actual damages for pain and suffering, emotional distress, humiliation, etc.

c. Attorneys fees and expenses, and costs of suit; and

d. Punitive Damages.

## COUNT II: FAILURE TO TRAIN

37. Plaintiff hereby incorporates by reference all of the above paragraphs as if fully set forth at length herein and below.

38. By the actions described above, individual Defendants, Officer Murphy, Officer Guido and Officer Lucia, violated Plaintiff's Constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments by depriving Plaintiff of his liberty without due process of law, by conducting an illegal search of plaintiff, and by holding Plaintiff at the location for an unreasonable period of time with no reasonable suspicion or probable cause to believe that contraband would be discovered.

39. Defendants, Commonwealth of Pennsylvania and Pennsylvania State Police, failed to adequately and property supervise and train in various aspects of law enforcement, including, but not limited to, the nature and existence of good cause, evaluation of character, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

40.    Defendants'    failure    to    adequately    and    property
supervise and train its police force was the proximate cause of
the above-stated Constitutional violations.

41.    The above described acts or omissions by Defendants,
demonstrated    a    deliberate    indifference    to    the    rights    of
Plaintiff, and were the cause of the violations of Plaintiff's
rights as set forth herein.

42.    WHEREFORE, Plaintiff requests this Honorable Court
enter    judgment    in    his    favor    and    against    Defendants,
individually,    jointly    and    severally,    plus    such    other    and
further relief as this Honorable Court deems necessary and
just, and to Order the following relief:

> a. Injunctive  Relief,  including but  not  limited  to
>    monitoring and education;
>
> b. Compensatory damages, including:
>
>> i. Actual    damages    for    pain    and    suffering,
>>    emotional distress, humiliation, etc.
>
> c. Attorneys fees and expenses, and costs of suit; and
>
> d. Punitive Damages.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.    Paragraphs above are incorporated by reference as if
fully set forth at length herein and below.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

44.   Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or knew or should have known that emotional distress was the likely result of their conduct.

45.   Defendants Commonwealth of Pennsylvania and Pennsylvania State Police are liable under the doctrine of respondeat superior.

46.   As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered mental pain and anguish, embarrassment, and humiliation.

47.   WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

      a. Injunctive Relief, including but not limited to monitoring and education;

      b. Compensatory damages, including:

         i. Actual damages for pain and suffering, emotional distress, humiliation, etc.

      c. Attorneys fees and expenses, and costs of suit; and

      d. Punitive Damages.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48.   Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

49.   Defendants continually negligently inflicted emotional distress on the Plaintiff.

50.   Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

51.   Defendants breached their duties to the plaintiff.

52.   Plaintiff never interfered with the defendants' obligations under the above-described duties.

53.   As a result of the Defendants' negligent conduct, Plaintiff has suffered mental pain and anguish, embarrassment, and humiliation.

54.   Defendants Commonwealth of Pennsylvania and Pennsylvania State Police are also liable under the doctrine of respondeat superior.

55.   WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

13

a. Injunctive Relief, including but not limited to monitoring and education;

b. Compensatory damages, including:

   i. Actual damages for pain and suffering, emotional distress, humiliation, etc.

c. Attorneys fees and expenses, and costs of suit; and

d. Punitive Damages.

## COUNT V: NEGLIGENCE

56.   Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

57.   The negligence of the defendants includes, but is not limited to, the following:

a. Failing to exercise the duties of a Police Officer in a reasonable manner;

b. Failing to protect the physical well-being, individual rights and liberties of the Plaintiff;

c. Failing to properly train and supervise its employees; and

d. Being otherwise negligent at law.

58.   As a result of Defendant's negligent conduct, Plaintiff has suffered mental pain and anguish, embarrassment, and humiliation.

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

59.   WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

      a. Injunctive Relief, including but not limited to monitoring and education;

      b. Compensatory damages, including:

            i. Actual damages for pain and suffering, emotional distress, humiliation, etc.

      c. Attorneys fees and expenses, and costs of suit; and

      d. Punitive Damages.

Respectfully submitted,

RUDERMAN & GLICKMAN, P.C.
Attorney for Plaintiff

By: _____

Steven Glickman, Esq.

DATED: August 25, 2011

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues.

Respectfully submitted,

RUDERMAN & GLICKMAN, P.C.
Attorney for Plaintiff

By: _____

Steven Glickman, Esq.

DATED: August 25, 2011

## DESIGNATION OF TRIAL COUNSEL

Steven S. Glickman, Esq. is hereby designated as trial counsel in this matter.

Respectfully submitted,

RUDERMAN & GLICKMAN, P.C.
Attorney for Plaintiff

By: _____

Steven Glickman, Esq.

DATED: August 25, 2011

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

16

## CERTIFICATION

Pursuant to the applicable Court Rules, I hereby certify that the within matter in controversy is not the subject of any other action pending in any other Court; that it is not presently in arbitration nor is any other action or arbitration proceeding contemplated; and that no other persons or parties to be joined in the subject litigation are known to me at the present time.

Respectfully submitted,

RUDERMAN & GLICKMAN, P.C.
Attorney for Plaintiff

By: _____

Steven Glickman, Esq.

DATED: August 25, 2011

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

STEVEN S. GLICKMAN, ESQ.
(ATTORNEY ID #:22189)
RUDERMAN & GLICKMAN, P.C.
675 Morris Avenue; Suite 100
Springfield, NJ  07081
(973) 467-5111
Fax: (973) 467-8891
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JACOB R. GLICKMAN,

         Plaintiff,       | CASE NO.

    vs.

THE COMMONWEALTH OF PENNSYLVANIA;
PENNSYLVANIA STATE POLICE;
OFFICER MURPHY, in his official
and individual capacities;
OFFICER GUIDO, in his official
and individual capacities;
OFFICER LUCIA, in his official   | CERTIFICATION OF SERVICE
and individual capacities;
JOHN AND JANE DOES (1-10); and
XYZ CORPORATIONS (1-10),

         Defendants.

---

    I, Steven S. Glickman, a member of the bar of this Court, hereby certify that on the 25th of August 2011, I am serving Process, including the Summons and Complaint, upon the following parties to this action:

    *Defendant The Commonwealth of Pennsylvania*
        Pennsylvania Office of Attorney General
        16th Floor, Strawberry Square
        Harrisburg, PA 17120

RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

1

*Defendant Pennsylvania State Police*
        Pennsylvania State Police Department Headquarters
        1800 Elmerton Avenue
        Harrisburg, PA 17110


    *Defendant Officer Murphy*
        Pennsylvania State Police Department Headquarters
        1800 Elmerton Avenue
        Harrisburg, PA 17110

*Defendant Officer Guido*
        Pennsylvania State Police Department Headquarters
        1800 Elmerton Avenue
        Harrisburg, PA 17110

*Defendant Officer Lucia*
        Pennsylvania State Police Department Headquarters
        1800 Elmerton Avenue
        Harrisburg, PA 17110


    I hereby certify that the foregoing statements made by me

are true.  I am aware that if any of the statements made by me

are willfully false, I am subject to punishment.




                                    By:  _____
                                         STEVEN S. GLICKMAN, ESQ.




RUDERMAN &
GLICKMAN
675 MORRIS AVE.
SUITE 100
SPRINGFIELD, NJ
07081
973-467-5111

Dated:  AUGUST 25, 2011




                                                                    2

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Jacob R. Glickman | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| Commonwealth of Pennsylvania; PA State Police; | ) |
| Officer Murphy; Officer Guido; Officer Lucia, et. al. | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Steven S. Glickman, Esq.
Ruderman & Glickman, P.C.
675 Morris Avenue, Suite 100
Springfield, NJ 07081

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Jacob R. Glickman | ) |
| ──────────────────────────── | ) |
| *Plaintiff* | ) |
| v. | )      Civil Action No. |
| Commonwealth of Pennsylvania; PA State Police; | ) |
| Officer Murphy; Officer Guido; Officer Lucia, et. al. | ) |
| ──────────────────────────── | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Pennsylvania State Police Department Headquarters
1800 Elmerton Ave.
Harrisburg, Pa  17110

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Steven S. Glickman, Esq.
Ruderman & Glickman, P.C.
675 Morris Avenue, Suite 100
Springfield, NJ 07081

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____      _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                *Server's signature*

                                                          _____
                                                                *Printed name and title*


                                                          _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Jacob R. Glickman | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| Commonwealth of Pennsylvania; PA State Police; | ) |
| Officer Murphy; Officer Guido; Officer Lucia, et. al. | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Officer Murphy
                                      Pennsylvania State Police Department Headquarters
                                      1800 Elmerton Avenue
                                      Harrisburg, PA 17110

 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Steven S. Glickman, Esq.
                                               Ruderman & Glickman, P.C.
                                               675 Morris Avenue, Suite 100
                                               Springfield, NJ 07081

 

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                 *Michael E. Kunz*
                                                                 *Clerk of Court*

Date: _____              _____
                                                               *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| Jacob R. Glickman | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Commonwealth of Pennsylvania; PA State Police; | ) | |
| Officer Murphy; Officer Guido; Officer Lucia, et. al. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Officer Guido
Pennsylvania State Police Department Headquarters
1800 Elmerton Avenue
Harrisburg, PA 17110

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Steven S. Glickman, Esq.
Ruderman & Glickman, P.C.
675 Morris Avenue, Suite 100
Springfield, NJ 07081

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Jacob R. Glickman | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| Commonwealth of Pennsylvania; PA State Police; | ) |
| Officer Murphy; Officer Guido; Officer Lucia, et. al. | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Officer Lucia
Pennsylvania State Police Department Headquarters
1800 Elmerton Avenue
Harrisburg, PA 17110

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Steven S. Glickman, Esq.
Ruderman & Glickman, P.C.
675 Morris Avenue, Suite 100
Springfield, NJ 07081

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____         _____
                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:

.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: